FINDINGS
1. As stipulated by the parties on the date of the hearing in this matter, the child support payable by the defendant to the plaintiff pursuant to the child support guidelines is $235 weekly. The current custody agreement constitutes a "shared custody" arrangement, and the defendant is entitled to a deviation from the guidelines figure.
2. The defendant is responsible for the care of the parties' three minor children for approximately 43% of the week, pursuant to the custody agreement entered into on September 5, 1995. Reducing the defendant's guidelines support obligation by that amount results in a child support amount payable by him to the plaintiff of $135. CT Page 11379
3. The defendant's net weekly income, after allowing for child support at $135 and mandatory deductions, is $414, and his reasonable and necessary weekly expenses do not exceed $250. The plaintiff's net weekly income from employment is $224, and the addition of $135 in child support provides for total weekly income of $359. Her reasonable and necessary weekly expenses are $761, creating a shortfall of approximately $402 weekly for the maintenance of the household in which the minor children and she reside.
4. The parties have three minor children below the age of four years, at least one of whom has serious medical problems, and the plaintiff's ability to work a full-time job is limited thereby. Given the limited financial resources of both parties, however, maintenance of the plaintiff's household will require her to increase her present employment even after an award of child support and alimony.
5. The plaintiff requires the unrestricted use of an automobile to meet the transportation needs of herself and the three minor children, and that unrestricted use is jeopardized by the defendant's non-payment of the outstanding loan on the family vehicle and outstanding motor vehicle taxes.
ORDERS
After considering the statutory factors in § 46b-82, C.G.S., as required by § 46b-83, C.G.S., excluding the grounds of the complaint, it is hereby ordered:
1. The defendant shall pay the plaintiff pendente lite child support in the amount of $135 weekly.
2. The defendant shall pay the plaintiff pendente lite alimony in the amount of $175 weekly.
3. Pursuant to § 46b-83. C.G.S., the effective date of these orders is August 17, 1995, the date on which the plaintiff filed her motion for custody, child support and alimony. The defendant, however, may satisfy his obligations under this order by paying in full the monthly expenses of the household for September, as he had previously agreed to do, including the mortgage payment and the auto loan and by paying the unpaid motor vehicle taxes, using all of the resources on his financial CT Page 11380 affidavit of September 22, 1995, including the $500 balance in the First Federal account shown on that affidavit.
4. The defendant shall pay the total amount of $310 in child support and alimony to the plaintiff beginning with the week of October 2-7, 1995.
SHORTALL, J.